Mr. Justice SWAYNE,
 

 having stated the case, delivered the opinion of the court.
 

 It is not denied'that the correspondence between the parties constituted a-preliminary agreement. Such clearly was
 
 *496
 
 its effect. The>policy was-intended to put the contract in a •more -full and formal shape. The assured was-bound to read the letters of the company in reply to his own with care. It is to be presumed he did só. He had a right to assume that the policy would accurately conform to the agreement thus made; and to rest confidently in that belief. It is not' probable that' he scanned the policy with the same vigilance as the letters of . the company. They tended to prevent such scrutiny, and, if it'were neeéssary, threw him off his guard.
 

 ' The principles upon which a court of equity will exercise :the jurisdiction invoked- by the-appellee were considered iti the case which precedes this. What was there said need not. bé repeated. In this case Hearbe’s proposition to the company was to insure upon the charter, “ voyage from Liverpool to Cuba, and to Europe
 
 vid
 
 Falmouth.” The qompauy’s resppnse, as before stated, was: We will insure “as proposed, by you — Europe to Guba — at '3-|- per cent. It is worth, something, you know, to cover the risk at port of loading in Cuba.”-- This is the language of the parties, and it is the essence of the correspondence. Suppose the iadguage of these sentences had been incorporated in the policy in this form: This company hereby insures $4000
 
 upon the charter of the bark Maria Henry, as proposed
 
 by the assured, from “
 
 Europe to Cuba and bach to Europe, ai
 
 8-|-
 
 per cent, net,”
 
 '• —the premium is enhanced “
 
 to cover the risk at port of loading in Cub'd,”'—
 
 wbat would have been the legal result? Can it be doubted that the policy would be held to cover alike the voyage to a port.of discharge in Cuba, a voyage thence, if necessary, to a port of loading in Cuba, and a voyage from the. latter to Europe? The “pprtof loading” is the only-,one mentioned in the letter. It seems to have been upper-most in the mind of the writer. The risk is referred to as a distinct and separate one. ■ The implication is that the port might be one other t,han the.port-of unloading. The right tq go to both rests upon the same foundation, aud it is not more clear as to one .than the other. What is i pip lied istias effectual as what is expressed. The intent, of the .parties, as
 
 *497
 
 manifested, is the contract. Upon- anyyother construction the important language as to “the port of loading” would be insensible and without effect. No other interpretation, we think, can reasonably be given; to it.
 

 In
 
 Dickey
 
 v.
 
 The Baltimore Insurance Co.,
 

 *
 

 the policy in-sured the vessel upon a voyage “from New York to Barba-.;, does, and at and from thetree to the'Island of Trinidad,
 
 arid, at and from Trinidad,
 
 back to New York.” This court held that the words “ at and from ” protected the vessel in sailing from one. port to anotlie'r in Trinidad to. take in a part, of her cargp. Marshall, Chief Justice, said : “lit is the settled cfoctrine of the courts of England that insiu’ance
 
 at and from an island,
 
 such as those in the West Indies, generally insures, the vessel while coastiug from- port to port-for the purpose of the voyage insured.” He refers to
 
 Bond
 
 v.
 
 Nutt,
 

 †
 

 and t
 
 o Thellusson
 
 v.
 
 Fergusson.
 

 ‡
 

 The^ease of
 
 Cruikshank
 
 v.
 
 Jansen
 

 §
 

 is to the same effect. These authorities fully sustain the proposition laid down. We are not aware that their, authority has been questioned; They show the just liberality of. construction which obtains’where contracts of insurance are involved.
 

 In this controversy the clear terms of the preliminary agreement warranted the court below in overruling the departure from it found in the policy.
 

 ' We have examined the case only in the light of its own inhereut facts. We have not found it necessary to consider the usage alleged to exist at Liverpool touchiug'Woyages in the trade from that port to Cuba. It seems clear to us that the judgment below does not need-further support. ■ We, therefore, forbear to remark upon that subject..
 

 Decree affír-med.
 

 *
 

 7 Cranch, 327.
 

 †
 

 2 Cowper, 601.
 

 ‡
 

 1 Douglas, 361.
 

 §
 

 2 Taunton, 301.