Maria Schuessler and Rosalie C. Schuessler, Respondents, *v.* The Fire Insurance Company of the County of Philadelphia, Appellant.

*Reformation of an insurance policy — a mutual mistake of the agents of the respective parties as to a house being occupied by more than two families — warranty that it should not be so occupied stricken from the policy.*

In an action brought to reform a policy of fire insurance issued by the defendant to the plaintiff by striking therefrom a warranty that the insured premises were occupied exclusively for dwelling purposes by not more than two families, and to recover the amount due upon the policy as thus reformed, it appeared that the plaintiffs had since the year 1884 owned certain premises in the city of New York, which, during their ownership, had always been occupied by more than three families; that during such ownership the plaintiffs had obtained policies of fire insurance upon the premises through the medium of one Fishbeck, who was connected with the firm of Weed & Kennedy, insurance brokers; that bills for the insurance premiums were rendered to the plaintiffs upon the letter heads of Weed & Kennedy which also bore Fishbeck's name thereon; that the policy in suit was the first one that had ever been obtained from the defendant company, of which Weed & Kennedy were the sole agents. The policy was not a renewal, but was issued in place of another policy in a different company which did not contain the warranty in question.

The plaintiffs testified that they did not look at the policy in suit because they trusted Mr. Fishbeck implicitly and thought that if there was any change in the form of the policy Mr. Fishbeck would so advise them. Fishbeck testified that he was employed by the plaintiffs to obtain insurance for them and that although the bills for premiums were sent out in the name of Weed & Kennedy, the money realized thereon was credited to him; that the policy in suit was issued upon his application to the indemnity department of Weed & Kennedy and that the policy clerk annexed to such policy the warranty in question; that the defendant company was selected either by a placer in Weed & Kennedy's employ or by the witness; that both the witness and the representative of Weed & Kennedy supposed that the building covered by the policy was used as a dwelling by a single family.

It further appeared that the premium paid upon the policy was two dollars lower than it would have been had the policy not contained the warranty in question, but it did not appear that the application for insurance would have been rejected if the application had stated that the building was occupied by more than two families.

The trial court found that Weed & Kennedy were the agents of both the plaintiffs and the defendant in effecting the insurance in question, and that the witness Fishbeck was the representative of said firm of Weed & Kennedy in the transaction; that the warranty in question was inserted in the policy by inad-

vertence and mistake without the knowledge and consent of the plaintiffs and that the latter were justified in assuming that such policy conformed in all its terms to the former policy.

*Held,* that the evidence was sufficient to sustain the findings in question;

That, even assuming that Fishbeck was the agent of the plaintiffs and that Weed & Kennedy were the agents of the defendant, it was quite clear that the insertion of the warranty in the policy was due to the mutual mistake of the agents of the respective parties or of the agent who was acting for both the plaintiffs and the defendant;

That, in either event, the insertion of such warranty in the policy was the result of a mistake of fact concerning the actual occupation of the building, which justified a reformation of the policy.

APPEAL by the defendant, The Fire Insurance Company of the County of Philadelphia, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 9th day of March, 1904, upon the decision of the court rendered after a trial at the New York Special Term.

*George Richards,* for the appellant.

*Alexander S. Bacon,* for the respondents.

INGRAHAM, J. :

The relief sought in this action was the reformation of a policy of fire insurance issued by the defendant to the plaintiffs and to recover the amount due under said policy. The court decreed the reformation of the policy by striking out a warranty that the premises insured were occupied exclusively for dwelling purposes by not more than two families, and awarded the plaintiffs judgment for the amount due upon the policy. From that judgment the defendant appeals.

From the plaintiffs' testimony it appears that the plaintiffs were the owners of the premises No. 322 Second avenue in the city of New York, and had been such owners since the year 1884 ; that the plaintiffs occupied a portion of the premises and rented the remaining portion to several families; that the plaintiffs first became acquainted with a firm of insurance brokers known as Weed & Kennedy over fifteen years prior to the taking out of the policy in question ; and that a Mr. Fishbeck, who was connected with that firm, had acted for the plaintiffs in obtaining insurance. One of the plaintiffs testified that Fishbeck applied to the insurance companies

to get policies; that when the insurance companies issued these policies, the broker sent the policies to the witness, and also the renewals, with a bill for the premiums, and this was true with reference to the policy in question; that these bills were upon the letter heads of Weed & Kennedy, with the name of Charles F. Fishbeck with Weed & Kennedy upon the bills; that on December 22, 1902, the policy in suit was sent to the plaintiffs, with a bill for the insurance, and that this bill was paid by the plaintiffs by check drawn to the order of Weed & Kennedy after the fire; that this policy was received by the plaintiffs without examination and remained in their possession until after the fire, when, upon submission of proof of loss, it appeared that the building at the time of the fire was occupied by five families for dwelling purposes, and it was then discovered that there was attached to the policy a warranty by the assured that the building insured was occupied exclusively for dwelling purposes by not more than two families; that this policy was the first one that had ever been obtained from the defendant company; that three or more families had always occupied the building from the time the plaintiffs obtained possession of it on May 1, 1884, and the fact that this policy was not a renewal, but was issued in place of another policy, was stated in the bill for the premium for this policy in question; that Fishbeck, who had been in the habit of attending to the insurance for the plaintiffs, notified them when their policies were about to expire and procured for them renewal policies; that this policy was obtained from the defendant instead of from a company that had before insured the property. The testimony of the plaintiffs is that they did not look at the policy because they trusted Mr. Fishbeck implicitly; that they thought that if there was any change in the form of the policy Mr. Fishbeck would let them know.

On behalf of the defendant it was shown that on April 15, 1902, the New York Fire Insurance Exchange passed a resolution which provided that, " to cover the distinction between dwellings and the recently created class designated as 'Flat Houses,' " the policies should contain either a warranty that the building insured was occupied exclusively for dwelling purposes by not more than two families, or flat house, or a warranty that the building was occupied exclusively for dwelling purposes, and that in pursuance of this

resolution there was attached to the policy in question a warranty that this was a dwelling house and not a flat house.

Fishbeck, called for the defendant, testified that he was employed by the plaintiffs to obtain insurance for them; that the policy of insurance of which the one in suit was to take the place had been issued by the Orient Insurance Company; that when that policy was issued there was no requirement in existence by which the insurance companies were required to stamp the warranty in question upon policies upon dwelling houses; that that company had gone out of business and reinsured its risks, and when the policy expired the witness obtained a new policy with the defendant company; that Weed & Kennedy were the sole agents of this new company in this locality; that he applied to the indemnity department of Weed & Kennedy for a policy and the policy clerk annexed to the policy this covenant of warranty; that the defendant company was selected either by the man in Weed & Kennedy's employ, known as a placer in the brokerage department, or by the witness; that both the witness and the representative of Weed & Kennedy supposed that the building upon which this policy was issued was used as a dwelling for a single family; that the rate for insurance was fixed, based upon that assumption. Fishbeck further testified that procuring this insurance was his individual business and not the business of Weed & Kennedy, although the bill for premiums was sent out in the name of Weed & Kennedy, and the money for the premiums was returned to them and credited to Fishbeck, less a proportion of his commissions which was reserved by Weed & Kennedy as his contribution towards office rent and expenses. The difference between the premium paid upon this policy and upon a policy for a tenement house occupied by more than two families would be two dollars, and there is not the slightest reason to suppose that the application for insurance would have been rejected if the application had stated that the building was occupied by more than two families. The learned trial court found that "Weed & Kennedy were the agents of both plaintiffs and defendant in effecting the insurance in question, and that the witness Fishbeck was the representative of said firm of Weed & Kennedy in this transaction; that said 'Dwelling Warranty' was inserted in said policy by said Weed & Kennedy by inadvertence and mistake, and without

the knowledge or consent of the plaintiffs, who were justified in assuming that this new policy conformed in all its terms to former policies on the same property procured for plaintiffs by said firm, and that it did not contain any new or additional provisions." I think there was evidence to sustain this finding; but assuming that Fishbeck was the agent of the plaintiffs and that Weed & Kennedy were the agents for the defendant, it is quite clear that the insertion of this warranty in the policy was the mutual mistake of the agents of the respective parties, or of the agent who was acting for both the plaintiffs and the defendant. In either event, the insertion of this clause in the policy was the result of a mistake of fact as to the actual occupation of the building, which justified a reformation of the policy. What the plaintiffs wished, and what their agents intended to secure, was a policy of insurance covering this particular building. Prior to the issuance of this particular policy it was immaterial whether the building was occupied by more than two families or not, and consequently that question had never been considered either by the plaintiffs or by their agents. The plaintiffs' agent and the defendant's agent assumed that the building was occupied solely by the plaintiffs as a residence, and when it was to be determined whether the building should be insured as a tenement house or as a private residence, the agents of both parties assumed that it was a private residence, when, in fact, it was and had been for some years a tenement house; and this warranty was annexed to the policy because of that mistake of fact, which it is quite clear from the evidence was an honest mistake of the agents. The plaintiffs having paid the premium to obtain this insurance, which was accepted by the insurance company, it would be quite unjust to allow the insurance company to escape responsibility because of a mistake of this character, which the evidence shows was purely a mistake of fact. An entirely different question would be presented if an application for insurance had been made by the plaintiffs or their representatives, based upon a statement that the house was a private residence and such insurance was accepted upon that express understanding, for then there would not have been a mutual mistake which resulted in the issuance of the policy in the form in which it was issued; but it is quite clear that the acceptance of this insurance was not based upon the fact that this was a private residence and

not a tenement house, and that the only difference in the transaction, if the real facts had been known and acted on, was that the plaintiffs would have been required to pay two dollars more premium. Under these circumstances, we think the court below was justified in decreeing the reformation of the policy and awarding the plaintiffs judgment.

The defendant would have been entitled to a credit upon the amount due upon the policy of $10, the additional premiums, but as from the finding it is stated that the sum of $1,800 was the amount agreed upon by the attorneys for the parties, and as no claim is made that the judgment should be modified in this respect, the plaintiffs are entitled to an affirmance of the judgment.

It follows that the judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., MCLAUGHLIN, HATCH and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.