TINA HOULDEN, Appellant, v. FARMERS' ALLIANCE CO-OPERATIVE FIRE INSURANCE COMPANY OF STEUBEN COUNTY, Respondent.

Fourth Department, July 1, 1919.

Insurance — fire insurance — policy purporting to insure as owner instead of as mortgagee through mistake of insurance agent — incorporation of said mistake by another agent in renewal policy — company bound by knowledge of agent and estopped from asserting forfeiture — evidence — mutual mistake — reformation of policy.

Where through the mistake of the general agent of an insurance company a policy was issued to the plaintiff as owner instead of as mortgagee, which policy was subsequently renewed by said agent and later in effect renewed by another agent without correcting the mistake, the insurance company is chargeable with knowledge of the first agent as to the actual condition of the property insured and is thereby estopped from asserting a forfeiture. This is true whether or not the second agent had personal knowledge as to the title to the property insured, because the last policy, being in effect a renewal, the company until there was some change in the title must be presumed to have acted with reference to knowledge acquired by issuing the prior policy.

An insurance agent authorized to write and deliver policies and collect premiums acts in these respects as the company's general agent, and where he puts in force insurance with knowledge of facts which by the terms of the policy would render it void in its inception he thereby estops the company from asserting a forfeiture.

In an action upon the last renewal or new policy issued to the plaintiff, evidence *held* to sustain plaintiff's contention that the second agent of the defendant secured his information from his own examination of the property and the prior policy and that he did not ask the plaintiff about the title but did ask about incumbrances and that she told him that there were none except what she herself held.

As there was a mutual mistake equity will decree a reformation and a recovery upon the policy as reformed.

Even if the mistake is not mutual the plaintiff is entitled to recover without reformation, for the defendant is estopped from denying the validity of the policy.

APPEAL by the plaintiff, Tina Houlden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Steuben on the 10th day of September, 1917, upon the decision of the court dismissing the complaint after a trial before the court without a jury at the Steuben Special Term.

*Cheney, Cahill & Costello* [*W. Earle Costello* and *Guy W. Cheney* of counsel], for the appellant.

*Almond W. Burrell* and *L. J. Simpson*, for the respondent.

FOOTE, J.:

Defendant is, as its name implies, a co-operative fire insurance company, the members of which are persons whose property is insured. These are for the most part farmers in Steuben county. In effect they insure each other's buildings and the losses are paid by assessments upon the members.

Plaintiff's husband, John Houlden, a farmer residing in that county, became a member some time prior to July 1, 1910, and thereby had his farm buildings insured. Defendant's policies are issued for a three-year term. When John Houlden's policy in force prior to July 1, 1910, was about to expire, an agent of the defendant named Manley Baker called at John Houlden's house for the purpose of renewing or continuing the insurance. He there met the plaintiff (John's wife) and was informed by her that her husband had become an inmate of the Willard State Hospital for the Insane and that no committee of his property had been appointed. Baker then said he could not, without considerable difficulty, renew the policy in her husband's name, and suggested that as plaintiff was the holder of a mortgage on the property she was in a position to insure the property in her own name, and suggested that she do so. She assented and Baker filled out a blank form of application, which she signed, and a policy was issued to her on the farm buildings. Neither this policy nor the application was produced upon the trial, but it may be inferred that it was in the same form as the later policy now in suit, and purported to insure plaintiff as owner instead of as mortgagee, through Baker's mistake.

Three years later when this policy was about to expire Baker was ill at his home, and plaintiff went there to renew the policy. Plaintiff had told him at the time she made her former application about her mortgage, and his knowledge was imputable to the company for reasons which will be stated, and it may be, though that fact does not appear, that the earlier policies issued to plaintiff's husband, or the application therefor, made reference to plaintiff's mortgage. On this

occasion at Baker's house he filled out a new application blank and had plaintiff sign it, but she does not know what it contained. A new policy was then issued to plaintiff, which remained in force three years. During this time Mr. Baker died.

On June 28, 1916, one Easterbrook, another agent of defendant, called upon plaintiff with reference to renewing the policy which would expire July first. Easterbrook produced and filled out for plaintiff's signature an application for another policy. In it were a number of printed questions to be answered. They related for the most part to the condition of the farm buildings, their proximity to each other, particulars about the chimneys and stove pipes and other matters affecting the fire hazard, but there are two questions, the answers to which have been held to be warranties and to be false and so sufficient to defeat any right of plaintiff to recover upon the policy. The first question is: " Q. What is your title to the real estate? A. Deed." The second is: " How much is real estate encumbered? A. None." There is a clause in the application by which the applicant expressly warrants the answers to all the questions to be true and complete in all their detail.

Easterbrook testifies that he read these questions to plaintiff and wrote down the answers which she gave, while plaintiff testifies that Easterbrook got his information for the answers he wrote from his own examination of the property and the prior policy, and that he did not ask her the question about the title but did ask about incumbrances and that she told him there were none except what she herself held. She signed the application as Easterbrook had prepared it, without reading it, and subsequently the policy in suit was sent to her, just when does not appear. It is the standard form and purports to insure plaintiff as owner when, in fact, her husband was the owner and she was mortgagee, and there had been no change in these respects since the company had carried the insurance for the husband prior to 1910.

A fire occurred on September 11, 1916, by which the dwelling house, which was insured for $650, was totally destroyed, and it was conceded that if plaintiff was entitled to recover, the amount should be that sum with interest.

Plaintiff furnished proofs of loss, correctly stating her interest as mortgagee and that of her husband as owner.  The company has paid plaintiff for her loss upon the furniture and refused to pay the loss on the dwelling.

On these facts it is quite apparent that the claims of justice require that plaintiff should be permitted to recover, if that can be done within the rules of law.

This was not a new application for insurance.  It was rather an application to continue in force insurance which had been in force between these same parties for six years.   When this policy was written defendant knew, or was chargeable with knowledge, of the actual condition of the property that existed during the previous six years because the testimony shows, without contradiction, that Baker, defendant's agent, knew that plaintiff was a mere mortgagee and that her husband had the title.  (*Lewis* v. *Guardian Fire & Life Assurance Co.,* 181 N. Y. 392.)   The learned trial judge was of the opinion that Baker and Easterbrook were mere soliciting agents, without authority to put in force any insurance and that, therefore, the law would not impute to defendant the knowledge which Baker had but did not incorporate in the application or policy. But by the by-laws these agents did have power to put insurance in force, and by accepting the application the applicant became insured forthwith.   Section 17 of the by-laws is as follows: " Every person desiring to become a member of this company shall sign an application for insurance using the form prescribed by the board of directors.  A careful survey of the property insured made by an agent or director must accompany each application.  Each director or agent shall collect for each application taken the sum of one dollar and fifty cents as his pay, and that no premium be charged, and all expenses be put on the assessment cards and collected the same as losses.

" Applications can only be accepted by a director or agent. When so accepted the applicant shall become a member and fully insured until he is excluded by the executive committee; and the policy thereafter issued to him shall bear date of the application and become a part of the contract of insurance as of that date."

**738** Houlden *v.* Farmers' Alliance Co-op. F. Ins. Co.

Fourth Department, July, 1919. [Vol. 188.

That both Baker and Easterbrook were agents of the company is not disputed. According to the record, they are the only representatives of the company with whom the plaintiff ever had any dealings.

It is evident that the attention of the court below was not directed to this by-law and its significance as constituting these agents general agents for the purpose of binding the company and putting the insurance in force. It is familiar law that an insurance agent authorized to write and deliver policies and collect premiums acts in these respects as the company's general agent, and where he puts in force insurance with knowledge of facts which by the terms of the policy would render it void in its inception, he thereby estops the company from asserting the forfeiture. (*Draper* v. *Oswego County Fire Relief Assn.,* 190 N. Y. 12; *Robbins* v. *Springfield Fire Ins. Co.,* 149 id. 477; *Bennett* v. *Agricultural Ins. Co. of Watertown,* 106 id. 243; *McClelland* v. *Mutual Life Ins. Co.,* 217 id. 336; *Hudson* v. *Glens Falls Ins. Co.,* 218 id. 133.)

Since July 1, 1910, plaintiff has been a member of defendant. She has paid a fee for each policy as it was issued and she has been subject to assessment for the fire losses which all other members of the company have sustained during that period. How many such assessments she has paid does not appear. Manifestly, the company ought not to be heard to say now that none of these policies was ever in force. It has had the benefit of her membership. The form of the insurance was that suggested by its agent Baker after being told the truth as to the title of the property and plaintiff's interest as mortgagee. The company must be deemed to have had the same knowledge when it issued the policy in suit, whether its agent Easterbrook personally had it or not. In effect the new policy was but a renewal of the insurance and until there was some change in the title the company must be presumed to act with reference to knowledge acquired by issuing the prior policy. (*Broadhead* v. *Lycoming Fire Ins. Co.,* 23 Hun, 397; *People's Ins. Co.* v. *Spencer,* 53 Penn. St. 353; *Bickford* v. *Ætna Ins. Co.,* 101 Maine, 124.)

But I am of opinion that a finding should be made that plaintiff's version of what took place between her and Easterbrook is the correct version rather than the one given by

Easterbrook, for plaintiff testifies that after the fire when Easterbrook and the adjuster Kuhn and her husband were present, Easterbrook admitted that he made the application for the policy by copying from Baker's. Her husband corroborates her in this. Easterbrook does not dispute it and Kuhn was not called as a witness.

She says Easterbrook did not ask her any question as to the title but did inquire about incumbrances and she told him that there were none except what she herself held. So even if the company can be held not bound by the knowledge it received through Baker, it is chargeable with the notice which Easterbrook received that plaintiff's interest was that of an incumbrancer.

There was thus a mutual mistake. The intention of each was to insure plaintiff's interest, but this was incorrectly described both in the application and the policy, first, by the fault of Baker, which was followed by Easterbrook.

Under such circumstances, equity will decree a reformation and a recovery upon the policy as reformed. (*Schuessler* v. *Fire Ins. Co.*, 103 App. Div. 12; affd., 185 N. Y. 578; *Welles* v. *Yates*, 44 id. 525; note to *Salomon* v. *North British & Mercantile Ins. Co.*, L. R. A., 1917C, 110.)

If the mistake is not mutual, still plaintiff is entitled to recover without reformation for defendant is estopped from denying the validity of the policy. (*Robbins* v. *Springfield Fire Ins. Co.*, *supra*, and cases cited in opinion of MARTIN, J.)

I recommend that new findings be made by this court accordingly, and that the inconsistent findings below be disapproved, and judgment directed for the plaintiff for $650, with interest from December 13, 1916, with costs of the action and of this appeal.

All concurred.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff for $650, with interest thereon from December 13, 1916, with costs. Findings disapproved and new findings made in accordance with opinion.