Julius Zap, Plaintiff, *v.* United States Casualty Company, Defendant.

(Supreme Court, Bronx Special Term, June, 1921.)

Insurance (accident) — when policy not subject to alteration — cancellation of policy.

> A policy issued with intention to insure the property then described by the insured, is not subject to alteration by him or by the court, and if in an action to reform the policy so that it will cover an automobile which had recently been in a collision, his contention that the policy does not cover a machine owned by him at any time, is correct, he may not be heard to object to a cancellation of the policy and the return of the premium.

Action to reform a policy of accident insurance.

M. Cohen, for plaintiff.

C. S. Petrasch, for defendant.

Martin, J. The plaintiff seeks to reform a policy of accident insurance so that it will cover an automobile which has recently been in a collision. Plaintiff claims that through a mutual mistake a policy of insurance was issued to him to cover a Sandow truck, factory No. 5092, for a term of one year, beginning November, 1918, and ending November 15, 1919. He testified that through mistake he gave the factory number of his truck as 5092, although the machine was a 1917 model, and he should have given factory No. 1280. The accident above referred to occurred on May 19, 1919, during the period the policy was in force. The defendant, the United States Casualty Company, was requested to defend the action, but refused to do so, claiming that it had not insured the

automobile in question. In May, 1918, plaintiff filed a verified claim against another insurance company for damages to a 1917 Sandow truck, factory No. 5092. In February, 1919, he had a policy of insurance in a company other than the defendant company altered to cover a truck No. 1280 instead of No. 3061. In October, 1919, plaintiff made an affidavit, in which he stated: " I have operated only two trucks in the past year, one of which I had right straight along and now have, and the other one, a 1917 Sandow, bearing factory No. 5902, I exchanged for the 1919 Sandow." The above statements are not consistent with plaintiff's testimony upon the trial, that he never owned a Sandow truck, 1917 model and factory No. 5092. Upon the testimony before me the plaintiff has not proved a mutual mistake. *Salomon* v. *North British & Mercantile Ins. Co.,* 215 N. Y. 214. The plaintiff was bound to prove that it was the intention of the defendant, as well as his own intention, to have the policy read and stipulate as he now seeks to have it. The defendant did precisely what it intended and was instructed to do. It did not make a mistake, and it understood and apprehended accurately and fully the instruction and direction given it, and acted in strict conformity with such instruction. It did not agree or intend to agree otherwise than as stated in the insurance policy. The fact that the defendant may have been as willing to insure the plaintiff with regard to one car as another is not equivalent to a mutual mistake on its part in designating the car it intended to insure. The defendant intended to insure what the plaintiff then described. The defendant's intention attached itself to that description and is not subject to alteration by the plaintiff or by the courts. In the answer filed by defendant a cancellation of the policy of insurance is demanded. The

defendant is entitled to have the policy of insurance canceled because of a breach of warranty. The insured stated that automobile No. 5092, which it requested the insurance company to insure, had never been in an accident, when as a matter of fact it had been in two accidents, and the insured had filed a claim to cover the loss in each instance. If plaintiff's contention is correct, that the policy does not cover a machine owned by him at any time, he should not object to a cancellation of the policy and the return of the premium. Judgment for defendant.

Judgment accordingly.