LOUIS J. CASTELLANO, Trustee in Bankruptcy of ISIDORE HOFFER and Another, Appellant, *v.* THE AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.

First Department, December 9, 1927.

Insurance — fire insurance — action to reform and recover on fire insurance policy — evidence shows that policy was erroneously issued on building instead of merchandise therein.

The policy of fire insurance involved in this action was issued on a brick building in which the bankrupts had their store. The plaintiff, the trustee in bankruptcy, seeks to have the policy reformed so as to cover the contents of the building instead of the building itself and to recover thereon.

The plaintiff is entitled to succeed, since it appears that a prior policy was canceled on the change of ownership at the time the bankrupts took possession and that the bankrupts' broker telephoned to the agent of the insurance company to issue a new policy on the goods and that the agent agreed to do so. The agent who was present in court was not called as a witness. The evidence in favor of the plaintiff was not overcome by a deposition of the agent taken before trial in which he stated merely that information in his memorandum book called for a policy on the building and in which he did not deny the details of the conversation with the broker of the bankrupts, but in fact admitted that before issuing the policy he looked at a map book in which it appeared that the former policy was on the goods in the building and not on the building itself.

The evidence clearly shows that the issuance of the policy on the building was a mistake on the part of the agent of the defendant and, therefore, the finding that the policy as issued correctly embodied the agreement is against the weight of evidence.

DOWLING, P. J., and MARTIN, J., dissent.

APPEAL by the plaintiff, Louis J. Castellano, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of May, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Frank C. Laughlin* of counsel [*Stewart W. Bowers* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Frederick T. Case* of counsel, for the respondent.

PROSKAUER, J.  Plaintiff, as trustee in bankruptcy, sues to reform and recover upon a fire insurance policy, which, by its terms, covered a brick building in which the bankrupts had their store, but which the plaintiff claims should, in accordance with the actual agreement of the parties, have been written to cover the merchandise contained in the store.  The bankrupts did not own the realty and there was no possible reason for the procurement by them of an insurance policy thereon.  They instructed their broker, Kriegel, to secure the renewal of a policy, covering merchandise, which had been issued to their predecessors by the defendant company and previously canceled.  Kriegel testified that he requested Burns, the defendant's agent, to issue the policy as a renewal; that Burns replied that he would have to look up " in the book " to see if the policy should be renewed; that Burns later telephoned to him that the policy had been canceled some time ago on account of changing hands; that Kriegel answered: " This is new insurance and good insurance and I wish you would renew it for this contents again," and that Burns replied that he would do so.  To meet this testimony the defendant did not call Burns to the witness stand, although he was in court, but relied solely upon his examination before trial which was read by the plaintiff. He there stated merely that he wrote down " the information which I received over the phone for this insurance " in his memorandum book.  That book contained the entry " On Bk," which indicated that the insurance was to be upon a brick building.  He made no denial of any of the details of the conversation as testified to by Kriegel.  Indeed, he admits that before issuing the policy he looked at a map book in which the defendant kept the insurance history of various parcels of property.  In this book there was an entry referring to the canceled policy of the letters " C. S.," which meant covering stock.  In effect Burns thus admits that he knew he was issuing a policy to take the place of a previous one that had been canceled and that this canceled policy covered merchandise and not realty.  The inference is very strong that Burns erred in making the entry in his memorandum book and that the defendant's reason for not calling him as a witness was his inability to deny circumstantially the version of the agreement given by Kriegel. The evidence, therefore, justifies the conclusion that Kriegel and Burns agreed upon the issuance of a policy to cover merchandise and that by mistake the policy was issued upon the brick store.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MERRELL and O'MALLEY, JJ., concur; DOWLING, P. J., and MARTIN, J., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.