LOUIS J. CASTELLANO, Trustee in Bankruptcy of ISIDORE HOFFER and Another, Appellant, *v.* THE AMERICAN INSURANCE COMPANY, Respondent.

First Department, March 1, 1929.

*Frank C. Laughlin* of counsel [*Thomas G. Frost* and *Stewart Bowers* with him on the brief; *Goldstein & Goldstein,* attorneys], for the appellant.

*Frederick T. Case,* for the respondent.

PROSKAUER, J. On a former appeal a judgment in favor of the defendant was reversed on the ground that " the evidence * * * justifies the conclusion that Kriegel and Burns agreed upon the issuance of a policy to cover merchandise and that by mistake the policy was issued upon the brick store," and judgment was directed for the plaintiff. (*Castellano* v. *American Ins. Co.,* 222 App. Div. 169.) On reargument a new trial was ordered in order that Burns might specifically deny, if he could, the making of any such agreement. (222 App. Div. 810.) The record now before us discloses no such categoric denial. The evidence is substantially the same as on the first trial. The judgment in favor of defendant should, therefore, be reversed, with costs, and final judgment directed in favor of plaintiff, with costs.

MERRELL and McAVOY, JJ., concur; DOWLING, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). The purpose of this action is to reform a policy of fire insurance upon the ground that there was a mutual mistake. To be entitled to relief the plaintiff must prove there was such a mistake. There may have been a mistake on the part of the plaintiff, but the evidence did not sustain plaintiff's contention that there was a mutual mistake. (*Salomon* v. *North British & Mercantile Ins. Co.,* 215 N. Y. 214; *Zap* v. *United States Casualty Co.,* 115 Misc. 634; *Metzger* v. *Ætna Ins. Co.,* 227 N. Y. 411.)

The testimony of Burns established the fact that there was no mistake on his part. He testified to an entirely different version of the transaction from that testified to by Kriegel, which testimony effectively denied everything testified to by Kriegel whose testimony was unreliable and contradictory.

The defendant insured a brick building which it intended to insure, and would not have insured what the plaintiff claims was insured, the contents thereof, it having previously canceled a policy covering the stock and fixtures.

The judgment is correct and should be affirmed.

DOWLING, P. J., concurs.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs. Settle order on notice reversing the findings inconsistent with this determination and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.