Mary Barile, Appellant, *v.* Reuben W. Wright, Respondent.

2

(Argued February 20, 1931; decided March 24, 1931.)

*Gerald A. Herrick* for appellant. The defendant was the agent of the plaintiff. (*Hathaway* v. *Orient Ins. Co.*, 134 N. Y. 409; *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y. 343; *Heilbrunn* v. *German Alliance Ins. Co.*, 150 App. Div. 670; *Kent* v. *Ætna Ins. Co.*, 84 App. Div. 428.) The plaintiff was not guilty of contributory negligence as collection of insurance was placed in the defendant's hands within sixty days after the fire. (*Greef Eng. & Mfg. Co.* v. *Scourene Mfg. Co.*, 182 App. Div. 311; *Littlejohn & Brill* v. *Deutsch*, 182 App. Div. 759; *Silberman* v. *Permanent Bldg. Co.*, 174 N. Y. Supp. 711; *McCoy* v. *Munro*, 76 App. Div. 435; *Shortsleve* v. *Stebbins*, 77 App. Div. 588; *Lasarous* v. *Spencer*, 29 Misc. Rep. 767; *Freedman* v. *Schlossberg*, 186 N. Y. Supp. 78; *Townsend* v. *Hirshkind*, 176 App. Div. 520.)

*Ray M. Stanley* for respondent. Failure of the plaintiff to serve proofs of loss upon the insurer bars a recovery.

(*Stoebe* v. *Hanover Fire Ins. Co.*, 112 N. Y. Supp. 553; *Peabody* v. *Satterlee*, 166 N. Y. 174; *Quinlan* v. *Providence Washington Ins. Co.*, 133 N. Y. 356; *McDowell* v. *St. Paul Fire & Marine Ins. Co.*, 207 N. Y. 482.)

CARDOZO, Ch. J.   Plaintiff, an inexperienced woman, unable to speak English, bought a farm from the defendant, giving back a purchase-money mortgage for $12,000, payable to defendant's wife.   In the mortgage was the usual clause (Real Prop. Law; Cons. Laws, ch. 50, § 254, subd. 4) that the mortgagor would keep the buildings insured against loss by fire for the benefit of the mortgagee. One of the policies expired two years thereafter, and the defendant gave notice to the plaintiff to renew it.   She told him that she was unable to insure because she was without the needed money, to which he answered that in that event he would insure the buildings himself.   This he promptly did.   He took out a policy for $2,000 in the name of the plaintiff as the assured, with a standard mortgage clause appended to protect his wife, the mortgagee.   The premium was $60.   The defendant sent the plaintiff a bill for that amount.   She reimbursed him for the outlay with the next installment of the interest.

The policy, which was kept in the defendant's custody, was voidable in its inception as between the insurer and the plaintiff.   It was voidable because it contained a clause to the effect that the insurer would not be liable if there was any other policy covering the property insured.   Such a policy there was, as the defendant well knew.   With that knowledge he omitted to disclose the truth to the insurer, and to obtain the waiver or consent that would have made the new insurance valid.   A year or more thereafter the dwelling was destroyed by fire. The insurer refused to recognize the policy as valid in so far as there was an apparent coverage of the interest of the owner.   It made a settlement with the defendant, who was then the holder of the mortgage by succession

to his wife, and took an assignment of an undivided interest in the mortgage proportioned to the payment.

The plaintiff brings this action to recover damages from the defendant for his negligence in taking out a policy unavailing to protect her. Negligence there was, or so the triers of the facts might find, and negligence that was actionable if diligence was a duty. The defendant disputes the agency and so denies the duty. In his view he was acting, not as agent for the owner, but solely in his own behalf or in that of his wife, the mortgagee, to give protection to the mortgage lien. The trial judge left the quality of the relation to be determined by the jury as an inference of fact in the light of all the circumstances. A judgment for the plaintiff was reversed by the Appellate Division (two justices dissenting), the majority of the court holding " that the record presents no evidence on which a finding can be based that defendant was acting as plaintiff's agent in procuring the insurance " (231 App. Div. 788). Upon an appeal by the owner, the case is here.

We think the record permits the inference that the defendant in procuring the insurance was acting as the plaintiff's agent, and was chargeable with a duty of reasonable diligence. The words of his promise may be insufficient to prove an agency if they are extracted from their setting. They wear another aspect in the light of the events that followed. The defendant did not take out a policy confined to his own interest, or to the interest of his wife, who was then the holder of the mortgage (*Carpenter* v. *Providence Washington Ins. Co.*, 16 Pet. [U. S.] 495; *Leyden* v. *Lawrence*, 79 N. J. Eq. 113; Vance on Insurance [2d ed], p. 653). The policy that he procured was issued in the name of the plaintiff as the owner, loss payable to the mortgagee to the extent of the mortgage lien. He thus assumed to act as agent for the owner in the procurement of the policy, and the owner ratified his act by reimbursing him for the payment of the premium

and by making claim under the policy after suffering the loss (Vance on Insurance [2d ed.], p. 655). In such circumstances the defendant is not relieved of liability because in so acting as an agent he was serving without pay. We do not need to inquire whether he would have been chargeable with damages if he had ignored his promise altogether and failed to take out any policy whatever (Mechem on Agency, vol. 1, § 1258; cf. *Siegel* v. *Spear & Co.*, 234 N. Y. 479). What happened was something different. He entered upon the business of his agency, took out the promised policy and exacted money from his principal to make him whole for his expense. He could not do these things in performance of the mandate, and win exemption thereafter if performance was remiss or ineffective (*Isham* v. *Post*, 141 N. Y. 100, 105, 106; *Marks* v. *Nambil Realty Co.*, 245 N. Y. 256; Mechem on Agency, vol. 1, §§ 1258, 1283).

A question remains as to the measure of the damage. If the policy had been valid as between the insurer and the owner, the sum of $2,000, due from the insurer, would have been applied by the mortgagee in reduction of the mortgage, or paid over to the mortgagor for the restoration of the building (Real Prop. Law, § 254, subd. 4). The policy, however, was invalid as between the insurer and the owner, though valid by force of the mortgage clause as between insurer and mortgagee (*Goldstein* v. *National Liberty Ins. Co.*, 256 N. Y. 26; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141). In consequence of this, the insurer, upon settling with the mortgagee, became subrogated under a clause of the policy to an interest in the mortgage, and received an assignment of an undivided interest in proportion to the payment (*Foster* v. *Van Reed*, 70 N. Y. 19). This does not mean, however, that the defendant was at liberty to keep the proceeds of the settlement as his own, and refuse to give the owner the benefit of the sum collected. The law would not permit him to do anything

so unjust after paying for the policy with moneys furnished by the plaintiff and negligently failing to give her adequate protection. The situation would be different if the forfeiture of the policy were due to some fault of hers, and not to the wrong of her agent, the holder of the mortgage (*Foster* v. *Van Reed, supra*). There is no occasion to determine whether the mortgagee in such circumstances might keep the money for himself (See Real Prop. Law, § 254, subd. 4). Here, as we have seen, the present holder of the mortgage is also the delinquent agent. Upon the settlement with the insurer, his duty was to credit the collection on the undivided interest in the mortgage that continued to be his after the assignment to the company, or else to pay it over to the plaintiff for the restoration of the building (Real Prop. Law, *supra*). If that duty had been discharged, the plaintiff would be as well off as if the policy were valid except to the extent of the difference between the face of the policy ($2,000) and the amount received in settlement ($1,650). Possibly the defendant would have been entitled to a charge that the difference ($350) was the limit of the damage. We do not go into that question, for the charge was not requested, and the point, if it be valid, was not saved by an exception. Our jurisdiction does not permit us to revise the quantum of the damages. At best, the point is technical, for in one form of action or another the defendant is liable to the plaintiff in an amount equal to the verdict. If he pays the policy in full as damages for negligence, he may not be charged with liability for money had and received, and compelled to pay again. Satisfaction of this judgment will work a full acquittance.

A point is made that the plaintiff was to blame for the forfeiture of the policy, in that she failed to furnish the insurer with timely proofs of loss. There was thus negligence, it is said, on her part, which neutralized the defendant's negligence in respect of the form of the insurance. As to this a sufficient answer is that within

the term of sixty days allowed by the policy for the presentation of the proofs, the plaintiff turned over to the defendant the business of collection, and that the defendant professed thereafter to act in her behalf. We do not overlook the fact that the testimony as to the assumption of this duty is uncertain and at times conflicting. In view of the failure of the defendant to take the stand in his own defense, a jury, not unreasonably, resolved the doubt against him.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed with costs in the Appellate Division and in this court.

CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND and HUBBS, JJ., not sitting.

Judgment accordingly.