Matthew M. Levy, J.
The defendants move to dismiss the complaint for asserted insufficiency on its face (Rules Civ. Prac. rule 106). The complaint alleges in substance that: The defendants are insurance brokers. They were engaged by their customer, Louis Di Minno, to obtain a policy of insurance on a designated truck crane covering “ All Risk Insurance ”, including coverage of loss by “ upset and/or overturn ”. The defendants procured a policy of insurance from the Century Insurance Company, Ltd., a copy of which policy is annexed to the complaint. Thereafter, Di Minno transferred the truck crane to the plaintiff corporation, which he and his associates had organized, and in return he received the plaintiff’s corporate stock. At the request of the plaintiff and of Di Minno, the defendants caused the policy and Di Minno’s interest therein to be transferred to the plaintiff, and the policy was amended to cover the plaintiff as the named insured. But the defendants failed to have the policy amended to include coverage by “ All Risk Insurance ” and for loss by “ upset and/or overturn ”, which had previously been requested by the plaintiff and Di Minno. Subsequently, and during the life of the policy, the crane was being used by the plaintiff on a construction job, when *958 it toppled over, fell into a trench, and was damaged to the extent of $13,393.88. The plaintiff duly performed all o'f the conditions required of it by the policy, but the insurance company disclaimed liability for the loss on the ground that no “All Risk Insurance” including “upset and/or overturn” coverage clauses were contained in the policy. The defendants were negligent in procuring a policy which was not in conformity with the instructions of Di Minno and the plaintiff, and, as a result thereof, the plaintiff has been damaged in the amount of the loss.
The defendants attack the sufficiency of the complaint on two grounds: (1) that the plaintiff fails to allege that, at the time the policy was issued or at the time of the request for its transfer or at the time of the transfer, Di Minno or his assignee, the plaintiff, had an insurable interest in the property involved; (2) that the plaintiff fails to allege that the policy procured by the defendants did not cover the casualty causing the damage to the plaintiff’s property. In my view, neither contention is tenable.
(1) The allegations in the complaint — that the crane was transferred by Di Minno to the plaintiff in return for the latter’s corporate stock, the issuance of a policy on the crane, and the transfer and indorsement of the policy to the plaintiff — are, by fair and reasonable intendment, sufficient, I think, to show that Di Minno had an insurable interest in the property at the time the policy was issued and that the plaintiff had an insurable interest at the time the policy was transferred (cf. Kline Bros. & Co. v. German Union Fire Ins. Co., 147 App. Div. 790, affd. 210 N. Y. 534). But it is true that the complaint does not in haec verba specifically allege that the plaintiff had an insurable interest. Assuming that to be a requisite in an action by the assured against the insurance company, I do not deem the allegation a sine qua non to the sufficiency of the present complaint. This is not an action by the policyholder against the insurance company, but one against the policyholder’s agent for negligently failing to obtain the policy requested. While an insurance company sued on the policy may raise the objection of the want of insurable interest in the claimant, that is not, it seems to me, an issue that can be raised by the assured’s broker in an action such as this. It is not for the agent who negligently fails to perform to impugn his principal’s title. While I have been cited — and I have found — no authoritative precedent on the point, I note that none of the cases relied upon by the moving parties concerns a suit by an allegedly uninsured customer against an allegedly neglectful broker.
*959 (2) The plaintiff alleges in the complaint that the defendants negligently procured a policy not in conformity with the instructions given to them by the plaintiff’s assignor and the plaintiff, and that in consequence when the casualty occurred the plaintiff was informed by the insurer that it declined liability — because the policy was not an “ All Risk Insurance ”, and did not include “ upset and /or overturn ” clauses. The defendants’ second attack upon the sufficiency of the complaint is grounded upon the absence of a specific allegation that the policy did not cover the damage suffered by the plaintiff. Although the complaint does not set forth the terms and conditions of the policy or the hazards insured against, the policy obtained by the defendants for the plaintiff is attached to and made part of the complaint. The terms and conditions specified in the policy and the hazards covered therein may therefore be considered in any analysis of the complaint on this motion. The policy does contain a provision covering direct damage to the crane caused by “ (h) Upset, overturn or derailment of any land conveyance upon which the insured property [the crane] is being transported ”. But, clearly, the policy is not one of “ All Risk Insurance ”, and the “upset” or “overturn ” clause included seems somewhat narrow and not as unlimited as the “ upset and/or overturn ” clause requested. The complaint does not specify that the crane was damaged while being transported on a land conveyance nor does it allege in precise terms that the damage occurred while not in transit on such a conveyance. But the complaint does allege that the damage was occasioned while the crane was being used by the plaintiff on a construction job and it fell into a trench. When this is considered with the allegation that the insurer disclaimed liability because the policy did not include “ All Risk Insurance ” and “ upset and/or overturn ” coverage, the reasonable construction results — at least as a matter of pleading between these parties — that the policy did not afford coverage against the casualty causing the claimed damage. For failing to obtain the insurance covering the risks that the plaintiff instructed them to obtain, the defendants must make good the loss suffered by the plaintiff.
The motion to dismiss the complaint is denied, with leave to answer within 20 days after service of a copy of the order with notice of entry. Order signed.