Edward G-. Baker, J.
Plaintiff snes for reformation of a life insurance policy and for the return of premiums paid thereon. On May 4, 1950, the defendant issued its “term policy” insuring the life of plaintiff for the term of five years. Attached to and forming part of the policy were two riders, one of which provided for waiver of premiums in the event of total and permanent disability of the insured. The policy, in the language following (as amended by indorsement) granted to the insured the privilege of conversion: ‘ ‘ Within eight years from its date of issue, or within five years if this policy is on the Five Year Term Plan, this policy, while in force, may be exchanged without evidence of insurability and as hereinafter provided, for any form of Endowment or Limited Payment Life policy, of the same face amount, either (1) as of attained age, or (2) as of the date of issue of this policy. In either case exchange may be made only with the consent of the company if the new policy shall * * * (d) include any provision for disability or death by accidental means which is not part of this policy on the exchange date; or (e) be on any form other than Life Paid Up at Age 85 as of attained age in case any premium has been waived under a disability provision * * * (1) Exchange As of Attained Age. The new policy will bear the date of exchange and will be on the policy form and at the rate of premium in use by the company for the then attained age of the insured at nearest birthday.”
On April 18, 1955, less than a month prior to the expiration of the term policy, plaintiff filed with the defendant a company *823 form application for conversion of said policy, as of attained age, to a “ Life Paid Up at Age 85 ” policy. In this application he stated that he was then ‘ ‘ in good health and free from disease, defect and deformity ”; that he had not “ consulted a doctor during the past 5 years”; and that he had not had ‘ ‘ any illness, injury, disease or disorder other than as stated in question 8 ’ ’. These statements were untrue. Plaintiff had, in fact, suffered a heart attack on March 27, 1954, as a result of which he had become totally and permanently disabled within the meaning of the policy (see record in Goldstein v. Connecticut Gen. Life Ins. Co., 273 N. Y. 578) and for which he had received medical treatment and advice. While the representations quoted were untrue, they were not material, and the defendant could not and did not claim reliance upon them in issuing the new policy. As indicated above, the term contract provided for exchange without evidence of insurability.
The application form above referred to contained a blank space to be checked off by the applicant in the event the waiver of premium provision contained in the term policy was not to be included in the new contract. This space was not checked off, indicating clearly an intent, at least on the part of the insured, that this provision was to be included.
At the foot of the aforesaid form were printed the words ‘ ‘ This application is in continuation of and forms a part of the original application for the above described policy [the term policy] and shall be the basis of any policy change that may be made.” Annexed to the form was an instruction sheet which contained, inter alia, the following printed statement: “ CHANGE OF PLAN: Benefits that are a part of the present plan will be included in the new policy unless this form indicates a removal of benefits or unless such inclusion is prohibited by Company rules.”
As stated above, the application did not indicate that any of the benefits included in the term policy were to be removed; and it is clear that no rule of the company prohibiting the inclusion in the new policy of any of said benefits would be effective and binding upon the insured unless indorsed upon or attached to the term policy when issued (Insurance Law, § 142, subd. 1). Concededly, no such rule was communicated to the plaintiff, nor was any indorsed upon or attached to the term policy when issued. The intent of the parties, as expressed in the policy, binds and obligates both.
The life policy issued by the defendant on May 4, 1955 pursuant to plaintiff’s application for conversion did not conform to the intent of the parties as expressed in the original contract. *824 The provision for waiver of premiums was omitted. The omission was the result either of mistake, misapprehension by defendant of its obligations under the agreement, or deliberate disregard by it of those obligations. It is clear that plaintiff was entitled to receive, on his application for exchange, a policy including that provision. The proof not only justifies, but requires reformation of the policy so that it shall conform to the parties’ expressed intent (see Paskie & Co. v. Commercial Cas. Ins. Co., 223 App. Div. 603 and the cases there cited), unless, .as defendant maintains, plaintiff, by acceptance and retention of the policy, is barred by laches from seeking reformation.
Plaintiff had the right to assume, in the absence of notice to the contrary, that the policy issued by defendant conformed to the parties’ original agreement (Lewitt & Co. v. Jewelers’ Safety Fund Soc., 249 N. Y. 217). The mere acceptance and retention of the policy and plaintiff’s failure promptly to discover the omissions do not constitute a bar to the relief sought, particularly where, as here, such failure was not prejudicial to the defendant (Paskie & Co. v. Commercial Cas. Ins. Co., supra; 44 C. J. S., Insurance, § 279, pp. 1116-1117).
The waiver of premium rider annexed to the term policy contained the following provision: “ Upon receipt of due proof that the Insured is totally disabled as herein defined and that such total disability has already continued uninterruptedly for a period of at least six months, [the company] agrees to waive payment of each premium becoming due on this policy after the inception of such total disability and during its continuance, provided that any premium due more than one year prior to receipt by the Company at its home office of written notice of total disability will not be waived. ’ ’
On or about October 21, 1957, plaintiff notified defendant that as of March 27,1954 he had become totally and permanently disabled. He demanded return of all premiums paid by him subsequent to that date. It is clear that with respect to premiums paid by him prior to October 21, 1956 (i.e., those which became due more than one year prior to receipt by defendant of written notice of disability), plaintiff’s claim is barred. He is entitled to the return of all premiums paid by him since the last-mentioned date ($764.20).
Defendant was given full opportunity to submit proof to establish the sum total of additional premiums that would have been paid by plaintiff on the life policy had that policy been written in conformity with the parties’ intent. Defendant failed to submit such proof but offered instead proof of the amount of premiums plaintiff would have been required to make on a *825 life policy written as of the day of original issue. By reason of this failure of proof it is impossible for the court to arrive at a determination of any amount to be allowed defendant by way of credit against said sum of $764.20.
Accordingly, judgment is directed in favor of plaintiff (1) for reformation as indicated above, (2) for the sum of $764.20.
The above constitutes the court’s decision in accordance with section 440 of the Civil Practice Act.
Settle judgment accordingly.