BENJAMIN A. SMITH, Respondent, v. MUTUAL TRUST LIFE INSURANCE COMPANY, Appellant.— In an action by an insured to recover an alleged overpayment of premiums on a term policy of life insurance (1st cause of action), and to reform a policy of life insurance converted from the term policy so as to include therein a provision for the waiver of premiums in the event that the insured becomes totally and permanently disabled, and to recover an alleged overpayment of premiums (2d cause of action), the insurer appeals from so much of a judgment, entered after trial, as is in favor of the insured, on the second cause of action, (1) granting reformation (2d and 3d decretal paragraphs), (2) adjudging the respondent to be totally and permanently disabled (4th decretal paragraph), (3) adjudging the premiums due under the policy to have been waived commencing October 21, 1956 (5th decretal paragraph), and (4) awarding respondent $764.20 for overpayment of premiums (6th decretal paragraph). Judgment insofar as appealed from affirmed, with costs. No opinion. Nolan, P. J., Pette and Brennan, JJ., concur; Beldock and Christ, JJ., dissent and vote to modify the judgment by striking therefrom the fourth, fifth and sixth decretal paragraphs and by substituting therefor a provision dismissing the second cause of action insofar as it seeks to recover an alleged overpayment of premiums, and as so modified to affirm the judgment insofar as appealed from, without prejudice to the insured's claim of waiver of premiums for any period subsequent to the date of trial, with the following memorandum: The second and third decretal paragraphs grant reformation of the policy so as to include the waiver of premium provision in the event of total and permanent disability. In our opinion, such reformation was properly decreed. Upon respondent's election in April, 1955 to convert his term policy into a life policy, he automatically became entitled to the life policy with the waiver of premium provision, regardless of his then insurability or of his state of health, or of his prior medical treatment or medical history, or of any statement, correct or incorrect, relating thereto. The fourth, fifth and sixth decretal paragraphs adjudge that respondent has been totally and permanently disabled since March 27, 1954, that the premiums due on the converted policy, issued in 1955, are waived commencing as of October 21, 1956, and that respondent is entitled to recover $764.20, representing the premiums paid by him subsequent to October 21, 1956. It is our opinion that, as to these last three decretal provisions, the judgment and the findings are not established by the weight of the

credible evidence. In his application, dated April 18, 1955, for the conversion of the policy, respondent stated unqualifiedly that he had suffered no disease or illness, that he was in good health and free from any disease or defect, and that he had not consulted a doctor during the past five years. The proof by the two medical doctors as to whether respondent in fact had become totally disabled was conflicting. Casting into the balance respondent's own unqualified statements in his said application, it is clear that, despite the coronary attack suffered by him 13 months earlier (in March, 1954), he nevertheless had not become totally disabled as prescribed by the waiver of premium provision. Under this provision total disability occurs only when a disease '·wholly and continuously prevents the Insured from engaging in any occupation or employment for wage or profit ". The entire record, when read in the light of respondent's own written declarations on his conversion application, establishes that the judgment in its fourth, fifth and sixth decretal paragraphs, and the findings with respect thereto, are against the weight of the credible evidence. [19 Misc 2d 820.]