Leo Brown, J.
This motion by the third-party defendant to dismiss the third-party complaint raises two issues: (1) whether the third-party plaintiff’s failure to serve all prior pleadings with the third-party summons and complaint is a jurisdictional defect; and (2) whether defendant, being sued as plaintiff’s former insurance broker for, among other things, negligent failure to obtain insurance covering a loss sustained by the plaintiff, can implead plaintiff’s subsequent insurance broker on the basis of the latter’s similar negligence prior to the loss. The third-party plaintiff cross-moves to amend the third-party complaint so as to annex thereto copies of all prior pleadings in this action.
Wings & Wheels Express, Inc. alleged in its original complaint that defendant, Joseph Sisak, was fully familiar with plaintiff’s worldwide operations and was employed by plaintiff to obtain various insurance coverage on behalf of the plaintiff. While so employed in January, 1971, defendant Sisak allegedly canceled a policy protecting plaintiff from loss occasioned by employee dishonesty anywhere in the world and obtained from Insurance Company of North America a similar policy which did not provide for such coverage in South Africa, where in March, 1971, plaintiff sustained a loss of $300,000 due to employee dishonesty. Wings & Wheels claims defendant Sisak is liable for the loss on the basis of (1) fraudulent and deceitful misrepresentation of the coverage afforded by the new policy, (2) negligent *848 failure to obtain effective insurance coverage, and (3) breach of a contractual agreement to obtain insurance coverage against employee dishonesty anywhere in the world. By amended complaint, plaintiff reasserted the same causes of action against defendant Sisak in substantially the same language and, as an additional cause of action, claimed that defendant Insurance Company of North America is liable for the loss as the principal of defendant Sisak who warranted that the loss was covered by the policy.
In their answers, both defendants have denied liability and cross-claimed each against the other. Also, defendant Sisak claimed that since plaintiff knew the terms of the new policy discharged Sisak as insurance broker and employed another insurance broker prior to the loss, plaintiff has waived all claims against defendant Sisak and discharged him from liability.
After these answers, defendant Sisak served a third-party summons and complaint on Marsh & McLennan, Inc., claiming that the latter should indemnify defendant Sisak for all or part of any judgment obtained by the plaintiff. Sisak alleged that the third-party defendant succeeded him as plaintiff’s insurance broker and negligently failed to extend the insurance to cover the loss sustained by the plaintiff, even though third-party defendant knew plaintiff’s needs and the terms of the existing policy. This third-party summons and complaint was served with a copy of the original complaint but without copies of the amended complaint or defendants’ answers thereto.
The third-party defendant contends that defendant Sisak’s failure to serve all prior pleadings with the third-party summons and complaint, as required by CPLR 1007, renders the service jurisdictionally defective. Although Barnes v. Korvette (N. Y. L. J., May 3, 1968, p. 16, col. 6) and Consolidated Laundries Corp. v. Thompson (N. Y. L. J., Nov. 24, 1967, p. 16, col. 1) support third-party defendant’s contention, this court disagrees. Properly, the requirement to serve all prior pleadings upon impleader is not a jurisdictional requirement. Jurisdiction is acquired over a nonparty by the service of a summons. (CPLR 304; see, also, Muslusky v. Lehigh Val. Coal Co., 225 N. Y. 584, 587; Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 407; Bennett v. Bird, 237 App. Div. 542.) When the summons satisfies due process requirements of adequately apprising a person that judgment is being sought against him, then jurisdiction is acquired and, even if there are .defects in the summons, they are correctable at any time within the *849 court’s discretion if the substantial rights of the party so served are not thereby prejudiced. (CPLR 305, subd. [c]; Stuyvesant v. Weil, 167 N. Y. 421, 425-426; Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 270; see, also, Patrician Plastic Corp. v. Bernadel Realty Corp., 25 N Y 2d 599.) In light of this, the court adopts the recommendation of Professor McLaughlin (1968 Supplementary Practice Commentary, McKinney’s Cons. Laws of K Y., Book 7B, CPLR 1007, 1972-1973 Annual Pocket Part, p. 84) and considers third-party plaintiff’s failure to serve all prior pleadings as not a jurisdictional defect, but rather a mistake curable by applying CPLR 2001. Accordingly, since the third-party defendant has neither alleged nor shown any resultant prejudice, leave is granted to cure the mistake by an amended third-party complaint.
Turning to the next question of whether the third-party plaintiff has a claim over against the third-party defendant, the allegations in the original and the third-party complaints will be read together and accepted as true. (Musco v. Conte, 22 A D 2d 121.) As a result, both defendant and third-party defendant must be deemed to have tortiously breached their duty to the plaintiff, their principal. An insurance broker is liable for the loss incurred by his principal due to the agent’s failure to exercise reasonable diligence in obtaining effective insurance coverage on the principal’s behalf (Barile v. Wright, 256 N. Y. 1; Fleetwood Motors v. James & Sons, 38 Misc 2d 499; Di Minno Constr. Corp. v. Trombello, 3 Misc 2d 956), unless because of the principal’s knowledge before the loss of the infirmities of the insurance coverage the principal is deemed to have waived the agent’s breach of duty. (Israelson v. Williams, 166 App. Div. 25, app. dsmd. 215 N. Y. 684; Shepard v. Davis, 42 App. Div. 462, 470-471.)
Defendant Sisak contends that the impleader of the third-party defendant is proper because in Dole v. Dow Chem. Co. (30 N Y 2d 143, 148-149) the Court of Appeals decided that “ where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party ”. Given the concern for fairness pervading the Court of Appeals’ decision, it would seem appropriate to apply this broadly-stated principle to a case such as this where two agents tortiously breached their duty to the plaintiff, their principal.
There are, however, considerations arising from the general principles imputing an agent’s knowledge and conduct fo his *850 principal which, are relevant to whether the Dóle principle should be applied to a case such as this. It would, for example, be purposeless to allow impleader of the third-party defendant if the latter’s knowledge of the infirmities of the insurance coverage were necessarily and directly attributable to the plaintiff and plaintiff’s claim would thereby be defeated based on the waiver resulting from plaintiff’s knowledge. (See Arbour Heights v. Norman, 39 A D 2d 836.) Such is not the case here because though, as a general matter, knowledge acquired by plaintiff’s agent while acting within the scope of his employment and within the scope of his authority is directly attributable to the plaintiff, knowledge acquired by plaintiff’s agent acting in his own interest and adversely to the principal or in fraud of the principal is not attributable to the plaintiff. (Henry v. Allen, 151 N. Y. 1, 9-11; Tree Plateau Co. v. Mount Vernon Mills, 22 A D 2d 587.) Conceivably, therefore, third-party defendant’s knowledge of the insurance coverage might establish his negligence and yet might not be attributable to the plaintiff.
If defendant could defeat plaintiff’s action on the basis that the third-party’s negligence is imputable to. the plaintiff and renders the plaintiff contributorily negligent, the impleader would be purposeless. (See Arbour Heights v. Norman, supra; Koslovki v. International Heater Co., 75 App. Div. 60, affd. 178 N. Y. 631.) The court can find no direct authority for the proposition that an agent can defeat his principal’s claim based on the agent’s tortious breach of duty by imputing to the principal the tortious conduct of another of the principal’s agents. If there were such a rule, each negligent agent could defeat the principal’s claim by imputing to the principal the negligence of the other agent even though the principal’s claim is founded on a right to rely on his agent’s exercise of reasonable care. A principal is not similarly remediless when his claim against a nonagent is defeated by the contributory negligence of his agent because, in such a case, the principal still has a right of an action against the negligent agent. In the court’s opinion, a dismissal of the third-party complaint as purposeless would require an extension of the general principles of agency law beyond what should be their fair and reasonable limitations.
Accordingly, the third-party defendant’s motion is denied and third-party plaintiff’s, cross motion is granted.