■ DESIGNCRAFT JEWEL INDUSTRIES, INC., et al., Plaintiffs, v RAMPART BROKERAGE CORP., Defendant and Third-Party Plaintiff-Respondent. FRANK FEIT & Co., INC., et al., Third-Party Defendants-Appellants.—Order, Supreme Court, New York County, entered April 29, 1977, denying motion of third-party defendant-appellant Midland Insurance Company and cross motion of third-party defendant-appellant Frank Feit & Co., Inc., for summary judgment dismissing the third-party complaint of defendant third-party plaintiff-respondent Rampart Brokerage Corp., unanimously reversed, on the law, the motion and cross motion granted, and the third-party complaint dismissed, with one bill of $60 costs and disbursements of this appeal payable to appellants by respondent. The underlying main action is brought by plaintiffs Designcraft Jewel Industries, Inc., and Mathey Tissot Corp., jewelers, against Rampart, plaintiffs' insurance broker, for negligence and breach of contract by reason of failure to provide appropriate excess insurance for the contents of the building occupied by plaintiffs, and which had suffered a burglary loss. Rampart had undertaken to service plaintiffs' insurance needs, placing prime insurance with nonparty Home Insurance Company for $1,000,000, excess over which was placed with Midland through Feit. The dispute basic to this appeal arises from the following circumstances: the loss by burglary was in the amount of $650,000, confined to jewelry stored on the first floor of plaintiffs' building; the Home policy, though $1,000,000 in the aggregate, was selectively written, floor by floor, with separate internal limits for each, that for the first floor being $150,000, less a $5,000 deductible; Home paid plaintiffs $145,000 as its policy provided; the excess policy, having a limitation threshold of $1,000,000, and not written to provide separate limitations for each floor, was never triggered into operation by this loss. Rampart, charged with the primary duty to provide appropriate excess insurance, places the blame in its third-party complaint on Midland and Feit for failure to tailor the excess insurance provided to the peculiar needs inherent in the floor-by-floor limits of the

prime policy, and with having represented that the excess insurance "conformed to the primary coverage and supplemented same." Rampart therefore seeks indemnity from Midland and Feit, and additionally asks for reformation of the excess policy to conform to plaintiffs' actual needs, by reason of mutual mistake or scrivener's error. Special Term, finding an issue of fact, has denied summary judgment. To the contrary, we find the evidence clear and beyond dispute that Rampart secured exactly what it ordered, a straight excess policy over a $1,000,000 threshold and, further, that it had the opportunity to correct that policy, after issuance but before loss, but did not do so. The deposition of Meyer Morris, a vice-president of Rampart, may be summarized briefly. In an endeavor to secure plaintffs' insurance account, he tried without success to get Home Insurance to cover the entire risk, $1,750,000, in a block policy; Home accepted a risk aggregating $1,000,000, internally limited by floors as above described; he went to Feit and Midland for excess insurance and procured a binder, but neither Feit nor Midland was shown the Home policy before the binder was issued. In any event, it is clear from the evidence that the policy was issued and in Rampart's possession well before the time of loss, with ample opportunity to return it for correction. There is nothing in this record to reflect that it was either inspected or returned. The inferences to be drawn are obvious. As has been indicated, there is no evidence whatever of mutual mistake or of fraud or misrepresentation. There is no issue of fact whatever as between Rampart and the third-party defendants. An affidavit in opposition to the motions for summary judgment argues the possibility of drawing an inference from certain of Morris' statements that he had revealed to officials of the third-party defendants that it was necessary by means of the excess policy to plug gaps in the insurance provided by Home. Such speculation, without actual basis in the record, is not evidence. No basis whatever for the allegations of the third-party complaint is found in the record, and it should be dismissed. In addition to appealing from denial of its motion for summary judgment, third-party defendant-appellant Midland has appealed from denial of two other branches of its motion: to dismiss individually the three causes of the third-party complaint, and to dismiss two cross claims asserted against it by the other third-party defendant-appellant, Feit. In the light of the disposition made herein, both of these aspects of the appeal are rendered academic, and they are not reached. Concur—Silverman, J. P., Fein, Lane, Markewich and Sullivan, JJ.