**PORT CLYDE FOODS, INC., Plaintiff,**

v.

**HOLIDAY SYRUPS, INC., Defendant and Third-Party Plaintiff,**

v.

**LUMBERMENS MUTUAL INSURANCE COMPANY and E.B. Cohen & Co., Inc., Third-Party Defendants.**

**No. 81 Civ. 3980 (RWS).**

United States District Court, S.D. New York.

Sept. 14, 1982.

Haight, Gardner, Poor & Havens, New York City, for plaintiff by Francis X. Byrn and Manuel R. Llorca, New York City, of counsel.

Markovits, Markovits, Blustein & Gottlieb, P.C., Middletown, N.Y., for defendant and third-party plaintiff by Burt J. Blustein, Middletown, N.Y., of counsel.

Blooim & Semel, Middletown, N.Y., for third-party defendant by Martin Semel, Middletown, N.Y., of counsel.

Garcia & Stallone, Melville, N.Y., for third-party defendant Cohen by Joseph F. Garcia, Melville, N.Y., of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Port Clyde Foods, Inc. ("Port Clyde") filed this action pursuant to the Interstate Commerce Act, 49 U.S.C. § 11707, against defendant Holiday Syrups, Inc. ("Holiday") seeking recovery for loss of property sustained when a Holiday truck was transporting Port Clyde's goods, a load of sardines, on January 25, 1980.[1] After Port Clyde filed a claim for its damages with Holiday, Holiday notified its insurance carrier, Lumbermens Mutual Insurance Co. ("Lumbermens") which issued a formal disclaimer of coverage. Subsequently, Holiday, as a third party plaintiff, brought suit against Lumbermens and against its insurance broker, E.B. Cohen & Co. ("Cohen").

---

1. The primary action of Port Clyde has been stayed due to Holiday's filing of a petition under Chapter 11 of the Bankruptcy Code.

In this third party action tried to the court, Holiday sought a declaratory judgment pursuant to Rule 57 Fed.R.Civ.P. and 28 U.S.C. § 2201 that Lumbermens was liable for the loss pursuant to the contract of insurance or alternatively, that Cohen was liable for negligence in failing to procure the insurance. Cohen, by way of cross-claim, sought a declaration of its rights against Lumbermens with regard to indemnification or contribution on the basis of Lumbermens' negligence, constructive fraud, breach of contract or breach of warranty in the event of liability to Holiday.

The first issue in the third party action is whether the insurance policy in effect on the date of the accident provided for coverage when Holiday was transporting the goods of others as opposed to its own goods. The second issue is whether Lumbermens and/or Cohen is liable to Holiday for any failure to provide such coverage. On the basis of the following findings and conclusions, Holiday is entitled to recovery against Lumbermens and Cohen.

## Statement of Facts

On September 30, 1977, Cohen on behalf of Holiday filed an application for motor truck cargo insurance with Lumbermens. Lumbermens issued a motor truck policy effective October 18, 1977. An employee of Cohen, Virginia Carroll ("Carroll") in November, 1977, compared the application with the policy and discovered that the policy failed to provide for legal liability as requested. Carroll notified Lumbermens of the omission and Lumbermens sent an application in order to rewrite the policy under a transportation form. Carroll submitted the application for a transportation floater which she clearly marked in large red print with the words "Policy to cover owner's goods on own trucks 95 percent, and goods by others, 5 percent." Thereafter, Lumbermens issued an Annual Transportation Floater as a rewrite of the motor truck policy. The period of the rewritten policy was from October 18, 1977 to October 18, 1978.

The Annual Transportation Floater policy was renewed for one year from October 18, 1978 to October 18, 1979. Before renewing the policy in October, 1979, Holiday advised Cohen that it no longer needed rail coverage, one item covered by the Annual Transportation Floater policy. Cohen informed Lumbermens to "Renew as per expiring." However, after a telephone conversation between Lumbermens and Cohen, Lumbermens indicated orally and later in a letter to Cohen that it was affording Holiday the same coverage that it previously had, except for rail coverage. At no time did Lumbermens notify Cohen that any other coverage would be dropped. Nonetheless, Robert Kimball ("Kimball") an employee of Lumbermens purposefully issued a policy that did not include coverage of goods owned by others and Lumbermens issued such a motor truck cargo policy for the period October 18, 1978 to October 18, 1980.

The Motor Truck Cargo-Owners Form provided coverage for goods owned by the insured and transported in vehicles owned, leased or operated by the insured. The Motor Truck Cargo—Liability Form provided coverage for goods owned by others which is transported in the custody or control of the insured. The Annual Transportation Floater—All Risk Form provided coverage for goods shipped by the insured at the insured's risk by rail, air, truck and boat and also provided coverage to an insured who does not require insurance for shipments by rail. Legal liability is another term which provided for coverage of goods owned by others when transported by the insured.

In October, 1977, 1978 and 1979, Holiday requested of Cohen and Cohen requested of Lumbermens coverage for goods transported by Holiday—both their own and others. In 1977 and 1978, this request included coverage for goods shipped by rail. However, in October, 1979, the request for rail coverage was withdrawn.

In responding to these applications, Lumbermens mistakenly issued a policy in October, 1977 which did not provide coverage for goods owned by others. (Motor Truck

Cargo-Owners Form). When Cohen discovered this error and notified Lumbermens, Lumbermens rewrote the October, 1977 policy to provide for coverage for goods owned by others and for rail shipment. (Annual Transportation Floater—All Risk Form). Similarly in October, 1979, Lumbermens issued a policy which did not meet the requests of Holiday and Cohen and did not provide coverage for goods owned by others (Motor Truck Cargo-Owners Form). This time, however, unlike 1977, Cohen did not discover the error until after the date of the accident, January 25, 1980. Subsequently, on April 11, 1980, Lumbermens issued a Motor Truck Cargo-All Risks Form, which provides coverage for goods owned by others and which excludes rail coverage. Lumbermens refused to make this change retroactive as requested by Cohen.

The motor truck cargo policy, number 9AT 518025, was in effect on January 25, 1980, the date of the truck accident which gives rise to this litigation. This policy did not provide coverage for goods transported by Holiday which were owned by others.

### Conclusions of Law

#### 1. Reformation of the Policy

■ Holiday and Cohen urge this court to reform the insurance contract to avoid a mutual mistake and to express the intent of the parties. *See Smith v. Mutual Trust Life Ins. Co.,* 19 Misc.2d 820, 189 N.Y.S.2d 393, 396 (Sup.Ct.1959), *aff'd,* 10 A.D.2d 736, 201 N.Y.S.2d 488 (2d Dep't 1960). However, in *Smith,* the intent of the parties was expressed in an insurance policy.

In the instant case, Lumbermens denies that it intended to provide coverage for the goods owned by others.[2] The testimony of Kimball establishes that, in October, 1979, Lumbermens did not intend to provide this coverage and in fact issued a policy which did not provide coverage for the goods of others. Consequently, despite the intention of Holiday and Cohen to procure the coverage, Lumbermens' intention not to provide it defeats the assertion of a mutual mistake as a basis of reformation. Absent the clear intention of all parties, this court declines to reform the contract. *See id.*

The parties have brought the remainder of their causes of action in negligence, breach of contract, and constructive fraud. Yet, in the pretrial order they have couched these claims in terms of a declaration of their rights.[3] This court could declare the rights of the parties to commence separate actions on these issues, however, since the parties have tried and briefed these claims, this court will conform the pleadings to the proof and decide these remaining issues. Fed.R.Civ.P. 15(b).

#### 2. Negligence of Cohen

■ Holiday asserts that Cohen was negligent in its failure to procure insurance as

---

2. Lumbermens contends that no policy issued to Holiday provided for such coverage and that its intention to renew the policies as existing except for rail coverage does not evidence its intention to provide coverage for the goods of others. This court, however, has determined that the rewritten 1977–78 policy and the 1978–79 policy did provide the requested coverage.

3. 9. The issues to be tried are formulated by the Court as follows:

    (a) Was the third-party defendant, Lumbermens Mutual Insurance Company, justified in disclaiming insurance coverage or should it be required to defend the primary action against the third-party plaintiff brought by Port Clyde Foods, Inc. and afford the third-party plaintiff insurance protection;

    (b) If the first question is answered in the negative, should the third-party plaintiff be entitled to judgment over against the third-party defendant, E.B. Cohen & Co., Inc., for its failure to provide the third-party plaintiff with the insurance coverage requested and which said third-party defendant held out to the third-party plaintiff it had secured for the third-party plaintiff.

    (c) Was the third-party plaintiff, Holiday Syrups, Inc., negligent in failing to read its policy and request a correction? If so, did such negligence cause or contribute to the loss sustained or to be sustained by the third-party plaintiff?

    (d) If the third-party defendant, E.B. Cohen & Co., Inc., is found to be liable to the third-party plaintiff, Holiday Syrups, Inc., was such liability caused or contributed to by the negligence, mistake, fraud, breach of warranty or breach of contract of the third-party defendant, Lumbermens Mutual Insurance Company, in issuing a policy which was not requested and which was substantially different than the policy requested?

requested and in its representation to Holiday that it had procured such coverage. New York courts have held that an insurance broker is liable for failing to acquire coverage providing for the requested risks. "An insurance broker is liable for the loss incurred by his principal due to the agent's failure to exercise reasonable diligence in obtaining effective insurance coverage on the principal's behalf. *Barile v. Wright,* 256 N.Y. 1, 175 N.E. 351; *Fleetwood Motors, Inc. v. John F. James & Sons, Inc.,* 38 Misc.2d 499, 237 N.Y.S.2d 668; *Louis Di-Minno Construction Corp. v. Trombello,* 3 Misc.2d 956, 154 N.Y.S.2d 723)." *Wings & Wheels Express, Inc. v. Sisak,* 73 Misc.2d 846, 342 N.Y.S.2d 891, 895 (Sup.Ct.1973).

■ Cohen exercised reasonable diligence in 1977 when Carroll reviewed the original policy, discovered the omissions, notified Lumbermens and completed the requisite applications to cause Lumbermens to effect the requested coverage and issue a rewrite of the policy. However, in 1979, Cohen failed to discover that the requested coverage had not been provided.

■ Cohen argues that its reliance on Lumbermens' assurances that it was furnishing the requested coverage indicates reasonable diligence which precludes negligence. However, a broker is under a duty to provide skill, care and diligence in procuring coverage for the insured. *Israelson v. Williams,* 166 A.D. 25, 151 N.Y.S. 679, (2d Dep't), *appeal dismissed,* 215 N.Y. 684, 109 N.E. 1079 (1915). The diligence of Carroll was not duplicated in 1979. Thus, I conclude that Cohen was negligent in failing to procure the requested coverage and in its representations to Holiday that the policy provided for coverage of the goods of others, that Cohen's negligence was a proximate cause of Holiday's liability and that Cohen is liable to Holiday.

Further an insured may rely on the representations of his agent, *id.,* especially in a case in which knowledgeable agents and underwriters disagree as to the provisions of the policy. Therefore I conclude that Holiday was not contributorily negligent as claimed by Cohen.

### 3. Negligence of Lumbermens

■ Additionally, Cohen submits that Lumbermens was negligent in its failure to provide the requested coverage and that Lumbermens breached its contract to Cohen. Although the parties have failed to produce evidence to sustain a breach of the Broker's Agreement, the relationship between the parties gives rise to duty, the breach of which constitutes negligence.

Cohen points to Lumbermens representation that the terms of the 1978 policy would be renewed except for rail coverage. Since Lumbermens claims that the 1977 and 1978 policies did not provide coverage for the goods of others, it contends that the 1979 policy is precisely such a renewal. However, this court has determined that the 1977 and 1978 policies did provide for the contested coverage.[4] Thus the conclusion that the 1979 policy was a renewal of the 1978 minus rail coverage is erroneous. Kimball's review of the file, his determination that Holiday was not requesting legal liability coverage and that previous policies did not so provide, his failure to provide this coverage, as well as his representation to Cohen that the policy was renewed as existing minus rail coverage constitutes negligence.

In *Designcraft Jewel Industries, Inc. v. Rampart Brokerage Corp.,* 63 A.D.2d 926, 406 N.Y.S.2d 97, 98 (1st Dep't 1978), *aff'd,* 46 N.Y.2d 981, 415 N.Y.S.2d 991, 389 N.E.2d 472 (1979), the court rejected a brokers' claim of negligence against the insurance company for failure to provide appropriate coverage. Although recognizing a duty by the insurance company to provide coverage in accord with the company's representations, the court determined that the agent secured "exactly what it ordered," 406 N.Y. S.2d at 98, and that consequently no duty

---

**4.** Both Cohen and Lumbermens issued certificates of insurance to Holiday's clients stating that the goods were insured.

was breached. In the instant case, Cohen did not secure what it ordered. Although Cohen may be "charged with the primary duty to provide appropriate [coverage]", *id.,* Lumbermens has a duty to Cohen and to Holiday to follow the instructions of Cohen to delete only rail coverage and not legal liability and to conform to its representations to Cohen that it was renewing as per existing minus rail coverage.

In issuing a policy that did not provide legal liability coverage absent an explicit notification of Kimball's determination that such coverage was inappropriate, Lumbermens breached its duty to Cohen and Holiday. I conclude that this breach constitutes negligence which is a proximate cause of Holiday's liability.

 The conclusion that both Cohen and Lumbermens are negligent gives rise to Cohen's claims for contribution under *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 148–49, 282 N.E.2d 288, 292, 331 N.Y.S.2d 382, 387 (1972). Lumbermens contends, however, that since Holiday sued it in contract and Cohen in negligence it should not be considered a joint tortfeasor and should not be liable for contribution. However, Cohen sued Lumbermens in negligence and since Lumbermens "is found to have been responsible for part, but not all of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against a third party." *Id.* at 148–49, 282 N.E.2d at 292, 331 N.Y.S.2d at 387.

In *Wings & Wheels Express, Inc. v. Sisak,* 342 N.Y.S.2d at 895, the Appellate Division found that the *Dole* principle is applicable to a situation in which a defendant insurance broker impleaded a third party defendant insurance broker concerning failure to provide requested coverage. Similarly this court concludes that the contribution is appropriate in the instant case.

Finally, Cohen alleges breach of contract and warranty and constructive fraud. However, Cohen has failed to establish that Kimball intentionally misled Cohen, thus Cohen's fraud claim must fail. Additionally, Cohen's allegations of Lumbermens'

breach of contract and warranties to Holiday fails for insufficient evidence as does its claim that Lumbermens breached its brokerage contract with Cohen.

Therefore this court concludes that both Cohen and Lumbermens were equally negligent in failing to provide the requested insurance. As a result any liability of Holiday in the primary action will be satisfied by Cohen and Lumbermens in equal amounts.

Submit judgment in ten (10) days.

IT IS SO ORDERED.