■ FREDERICK A. DAVIDSON, JR., et al., Plaintiffs, and Fourth-Party Defendants-Appellants, v NEW ROCHELLE AGENCY, INC., Defendant and Third-Party Plaintiff-Respondent. WILLIAM MULLANE, Third-Party Defendant and Fourth-Party Plaintiff-Respondent.—In an action by the owners of a residence to, *inter alia,* recover damages due to the alleged failure of their insurance agent to procure adequate insurance for their property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), dated March 11, 1987, which, after a nonjury trial, dismissed the complaint for failure to establish that the defendant breached any agreement between the parties or failed to exercise due care and which, in effect, failed to sustain the plaintiffs' counterclaim in a fourth-party action brought by the third-party defendant.

Ordered that the judgment is affirmed, with one bill of costs.

It is well settled that an insurance agent has a duty to provide skill, care, and diligence in procuring effective coverage for the insured *(see, Port Clyde Foods v Holiday Syrups,* 563 F Supp 893; *Barile v Wright,* 256 NY 1; *Associates Commercial Corp. v White,* 80 AD2d 570). The plaintiffs failed to adduce sufficient proof that the defendant agency breached the duties imposed by the agreement to procure insurance and failed to prove a breach of a legally cognizable duty of care owed by the defendant to them *(see, MacDonald v Carpenter & Pelton,* 31 AD2d 952). Moreover, the record reveals that the plaintiffs were provided with information concerning the nature and extent of the coverage in effect prior to the time of the loss and failed to raise any objection thereto. Accordingly, the complaint was properly dismissed.

Nor does the record contain any evidence to support the plaintiffs' counterclaim against the third-party defendant

fourth-party plaintiff. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.