[No. D009525. Fourth Dist., Div. One. Oct. 18, 1990.]

GLENN DUANE SAUNDERS, Plaintiff and Appellant, v.
AL CARISS, Defendant and Respondent.

### COUNSEL

C. Steven Cathers and Robert W. Jackson for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard, Robert L. Friedenberg and Sara M. Wheeler for Defendant and Respondent.

## Opinion

**WIENER, Acting P. J.**—Defendant Al Cariss, an insurance agent for the Farmers Group of Companies, successfully demurred to plaintiff Glenn Duane Saunders's fourth amended complaint seeking damages for fraud and emotional distress. Saunders appeals the judgment of dismissal contending his complaint alleges a valid cause of action. We agree and accordingly reverse with instructions.

### Factual and Procedural Background

In 1986, Saunders bought a Farmers automobile policy through Cariss. The police provided for uninsured motorist coverage with $100,000 limits. That policy was in effect on January 8, 1988, when Saunders was seriously injured in an accident caused by an uninsured motorist.

When Saunders requested payment of his policy limits, Farmers responded by providing him with copies of two "Reduction Agreements" apparently consenting to the reduction of uninsured motorist coverage to either $15,000 or $25,000. The agreements purport to bear the signature in one case of Saunders and in the other of Saunders's wife. Saunders denied that either he or his wife signed such a form or agreed in any other manner to a reduction of coverage. He alleges that without authorization Cariss signed Saunders's name and his wife's name to the forms.

As a result of Farmers's refusal to pay the full $100,000 limits, Saunders retained attorney Robert Jackson, agreeing to pay him one-third of any amount over $15,000 Jackson was able to secure from Farmers. Within a short period of time, Jackson convinced Farmers to pay the full $100,000 amount demanded.

Jackson then filed this action on Saunders's behalf against Cariss, among others, alleging Cariss's unauthorized signing and submission of the reduction agreements damaged Saunders to the extent of the one-third contingent fee Saunders paid to Jackson. Saunders claims it would have been unnecessary for him to retain Jackson had Cariss not improperly signed the reduction agreements.

Cariss demurred to Saunders's fourth amended complaint, which attempted to assert causes of action against Cariss for fraud and intentional infliction of emotional distress. Cariss reasoned Farmers's eventual payment of the full $100,000 defeated any claim that Saunders had been damaged by Cariss's actions. Cariss also asserted that Saunders failed to satisfy the technical pleading requirements necessary to maintain a cause of action for

fraud. Finally, Cariss took issue with Saunders's attempts to plead a cause of action for intentional infliction of emotional distress, asserting that the complaint failed to allege he had anything to do with the processing of Saunders's claim. This appeal follows the judgment of dismissal entered after the court sustained Cariss's demurrer without leave to amend as to both causes of action.

## DISCUSSION

### I

■ It has long been established that in ruling on a demurrer, the trial court is obligated to look past the form of a pleading to its substance. Erroneous or confusing labels attached by the inept pleader are to be ignored if the complaint pleads facts which would entitle the plaintiff to relief. (See, e.g., *Williams* v. *Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2 [229 Cal.Rptr. 605].) "It is not what a paper is named, but what it is that fixes its character." (*Parnham* v. *Parnham* (1939) 32 Cal.App.2d 93, 96 [89 P.2d 189].)

■ Saunders's first cause of action was labeled "fraud." Cariss responded to this cause of action by alleging it failed to contain elements of a traditional fraud cause of action. Instead of fighting the battle on this field, we believe it proper to take the more constructive approach of examining the factual allegations of Saunders's complaint as stated above. Our task is to determine whether the pleaded facts state a cause of action on any available legal theory.

Insurance agents and brokers have been held liable to insureds or applicants for insurance on a number of theories including breach of contract and professional negligence. (See, e.g., *McAlvain* v. *General Insurance Co. of America* (1976) 97 Idaho 777 [554 P.2d 955, 958] [contract and negligence]; *Karam* v. *St. Paul Fire & Marine Insurance Company* (La. 1973) 281 So.2d 728, 730-731 [72 A.L.R.3d 697] [negligence]; see generally Keeton & Widiss, Insurance Law (1988) § 2.5(c), pp. 94-98; 16A Appelman, Insurance Law and Practice (1981) § 8831, pp. 2-4; see also *Walker* v. *Pacific Indemnity Co.* (1960) 183 Cal.App.2d 513 [6 Cal.Rptr. 924].)[1] Some of the cases arise in the context of an agent who fails to obtain insurance for a client as promised. (E.g., *Mid-Century Ins. Co.* v. *Hutsel* (1970) 10 Cal.App.3d 1065 [89 Cal.Rptr. 421]; *Keller Lorenz Co.* v. *Insurance Assoc. Corp.* (1977) 98

---

[1] Some courts and commentators view it as significant that the agent or broker be deemed a formal agent of the insured for some purpose (usually obtaining the insurance) (see, e.g., *Creative Underwriters, Inc.* v. *Heilman* (1977) 141 Ga.App. 740 [234 S.E.2d 371, 372]; see also 16A Appelman, *supra*, § 8832, p. 29), but this view has been criticized. (See Keeton & Widiss, *supra*, § 2.5(d), pp. 100-101.)

Idaho 678 [570 P.2d 1366]; *Bulla* v. *Donohue* (1977) 174 Ind.App. 123 [366 N.E.2d. 233].) In other cases, the agent obtains insurance but fails to obtain certain requested coverage (e.g., *Port Clyde Foods, Inc.* v. *Holiday Syrups, Inc.* (S.D.N.Y. 1982) 563 F.Supp. 893; *Wings & Wheels Express Inc.* v. *Sisak* (1973) 73 Misc.2d 846 [342 N.Y.S.2d 891]) or obtains the requested coverage in the wrong amount (e.g., *United Stores of Amer., Inc.* v. *Insurance Consult., Inc.* (E.D.Mo. 1971) 332 F.Supp. 640; *Karam* v. *St. Paul Fire & Marine Insurance Company, supra,* 281 So.2d 728). In any of these situations, contractual liability of the agent can be at least theoretically premised on the agent's breach of an oral agreement to obtain insurance as requested by the client.

A somewhat different situation is presented when the agent acts without client authorization, rather than incorrectly following the client's instructions. Where the agent performs an unauthorized act, there is no promise the agent may be charged with violating. The agent's liability, if any, is necessarily based on tort principles.

We have discovered one decision on facts more analogous to this case. In *Dargan* v. *Robinson* (Tex.Civ.App. 1940) 140 S.W.2d 561, an agent cancelled a policy of cargo insurance without authorization from the insured, Robinson. Thereafter, the cargo was destroyed and Robinson sued the agent. In a peremptory fashion, the court found the case governed by the general rule that an agent or broker who fails to procure insurance as requested will be liable for any resulting damage. (*Id.* at p. 563.)

We view the varying factual contexts within which the issue of insurance agent liability may arise to be largely irrelevant to the ultimate disposition of these cases. As a general proposition, an insurance agent will be liable to his client in tort where his intentional acts or failure to exercise reasonable care with regard to the obtaining or maintenance of insurance results in damage to the client. (See *Johnson* v. *Illini Mutual Insurance Company* (1958) 18 Ill.App.2d 211 [151 N.E.2d 634, 637] [broker liable if client "suffers damage by reason of any mistake or act of omission or commission of the broker . . . ."].) By virtue of his position and status as Saunders's insurance agent, Cariss had the means to submit the reduction agreements purportedly signed by Saunders and his wife. Saunders alleges he and his wife did not sign the agreements and did not authorize Cariss to submit them to Farmers. It makes little difference whether Cariss did so knowing he lacked authorization (an intentional tort) or unreasonably assuming he had authorization (negligence). In either case, proof of the facts alleged in the complaint would demonstrate professional malpractice on Cariss's part.

Cariss responds that even if he is theoretically liable as an insurance agent, there is no liability on the facts of this case because Saunders suffered

no compensable damage. Cariss argues that the attorney's fees incurred by Saunders in convincing Farmers to pay the full $100,000 are not a compensable item of damage.

Cariss's argument misapplies the general "American" rule that attorneys fees are not awardable in the absence of some recognized exception such as an agreement between the parties or specific statutory authorization. (See, e.g., *Pederson* v. *Kennedy* (1982) 128 Cal.App.3d 976, 979 [180 Cal.Rptr. 740].) Saunders is not seeking the fees paid to his attorney for prosecuting this action against Cariss. Rather he is claiming as damages those attorneys fees he incurred in attempting to mitigate the damages caused by Cariss's alleged malpractice. ■ "It is settled that a person who is required through the tort of another to act in protection of his interest by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary attorney's fees incurred." (*Moe* v. *Transamerica Title Ins. Co.* (1971) 21 Cal.App.3d 289, 303 [98 Cal.Rptr. 547]; see especially *Brousseau* v. *Jarrett* (1977) 73 Cal.App.3d 864, 871 [141 Cal.Rptr. 200]; see also *Hildreth* v. *Bergeron* (1970) 110 N.H. 197 [263 A.2d 664].)

■ In summary, although mislabeled a fraud cause of action, Saunders's complaint pleads facts which state a cause of action against Cariss. The trial court erred in sustaining Cariss's demurrer.

## II

■ To plead a cause of action for intentional infliction of emotional distress, the plaintiff must allege that he suffered severe emotional distress caused by the defendant's outrageous conduct. In addition, the defendant must have intended his conduct would cause the plaintiff emotional distress or recklessly disregarded such a possibility. (See *Truestone, Inc.* v. *Travelers Ins. Co.* (1976) 55 Cal.App.3d 165, 171 [127 Cal.Rptr. 386].) Here the court correctly decided Saunders's complaint fails to plead a cause of action for intentional infliction of emotional distress. In general terms the complaint alleges defendants collectively "were aware of the fact that [Saunders] was seriously and permanently injured and that he was a person of modest means and that he would have serious need of the $100,000.00 uninsured motorist limits to assist him with medical and living expenses. With knowledge of the foregoing, Defendants continuously denied the $100,000.00 limits until Plaintiff got a lawyer and threatened suit." Nowhere does the complaint particularize Cariss's individual conduct. There is no suggestion Cariss, as the policy selling agent, had anything to do with the amounts offered to settle the claim.

It may be, however, that Saunders can allege particular facts which would allow him to state a cause of action. For instance, in his papers opposing Cariss's demurrer in the trial court, Saunders argued that "CARISS knew that SAUNDERS had not signed the uninsured motorist reduction agreements yet when CARISS learned of SAUNDERS [*sic*] catastrophic injuries he steadfastly continued to represent to SAUNDERS and SAUNDERS'S wife that the maximum amount of coverage available was only $15,000.00." Such particularized allegations, if combined with averments regarding Cariss's mental state and causation, would state a cause of action on an intentional infliction theory.

It is true, of course, that Saunders has had several previous opportunities to amend his complaint. Here, however, we have already concluded he has pleaded one valid cause of action. Under these circumstances, we think it appropriate he be given one final opportunity to amend in light of the direct guidance provided by this opinion.

### DISPOSITION

The judgment of dismissal is reversed and the trial court is instructed to overrule Cariss's demurrer to Saunders's "fraud" cause of action. The court is also instructed to permit Saunders to amend his complaint as to the cause of action alleging intentional infliction of emotional distress.

Work, J., and Wien, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.